BASS, RATCLIFF & GRETTON v. CHRISTIAN FEIGENSPAN.

(Circuit Court, D. New Jersey. July 31, 1897.)

EQUITY PLEADING—AMENDMENT OF BILL AFTER REPLICATION.

When the substance of the bill contains ground for relief, and the prayer and proofs are in conformity therewith, leave to amend, enlarging the claim of right, and changing the character or quantity of the relief sought, will not be granted after replication filed and proofs taken.

This was a suit in equity by Bass, Ratcliff & Gretton against Christian Feigenspan, a corporation, to restrain the alleged infringement of a trade-mark. The cause was heard on complainant's motion to amend its bill of complaint.

James L. Steuart, for the motion.

Chauncy H. Beasley, opposed.

KIRKPATRICK, District Judge. The complainant in this cause filed its bill of complaint November 8, 1895, and on January 16, 1896, by leave of the court, amended the same by striking out all of the original bill, and substituting therefor an amended bill of complaint. The complainant claims in its amended bill that it has for many years used a red, triangular-shaped figure for the purpose of distinguishing its pale ale, and has used the same on labels on bottled ale, and for the purpose of stamping it on heads of casks containing ale, and that it now has the sole right to use a trade-mark consisting of a red, triangular-shaped figure in connection with the manufacture and sale of pale ale and all other malt liquors; also a claim to the generic right to the exclusive use of the designation "Triangle," and to a figure, mark, or design of triangular shape or outline. The relief

sought is an injunction prohibiting the defendant from making use of said trade-mark in connection with the sale of pale ale, or half and half, or any other malt liquor or combination of malt liquors, or using the word "Triangle" or a red, triangular-shaped figure in connection with packages, casks, or bottles containing any malt liquor whatsoever. Answer and replication have been filed. The complainant has closed its prima facie proofs, and now makes application to amend its bill, widening its scope so as to include within its claim of exclusive right any figure or design of triangular shape, whatever color might be included within its outlines, and to specifically charge the defendant with the use of such figure upon bottles, packages, and casks containing other malt liquors than pale ale and half and half. The twenty-ninth equity rule provides that amendment to bill may be made after replication filed "upon proof that the matter of the proposed amendment is material." The purpose of the amendment must be, not to strengthen or enlarge the complainant's case, not to change the character or quantity of the relief for which he has asked, but to enable the court to administer substantial justice. To this end, when a case for relief is made out, but not that shown in the bill, or specifically asked for in the prayer, an amendment will be allowed, even on a final hearing. Neale v. Neale, 9 Wall. 1; The Tremolo Patent, 23 Wall. 518; Graffam v. Burgess, 117 U. S. 194, 6 Sup. Ct. 686. To the same effect are the other cases cited in complainant's brief. Where the substance of the bill contains ground for relief, and the prayer and proofs are in conformity therewith, leave to amend will not be granted after replication filed and proofs taken. "The instances where it will be done are confined to those where it appears from the case made by the bill that the plaintiff is entitled to relief, although different from that sought by the specific prayer. When the object of the proposed amendment is to make a new case, it will not be permitted." 1 Daniell, Ch. Prac. (5th Ed.) 384. There is no defect in the bill filed in this cause which will prevent the complainant from obtaining the relief sought by the prayer. The prayer is general in its nature, and under it the court may grant any appropriate relief consistent with the case made by the bill. If the complainant is entitled to any other relief than that which it shows by and prays for in its bill, its proper course is to file either an original or supplemental bill, as the nature of its relief requires. To expand its claim of right from that set out in its bill to the one which it seeks by amendment to make it, is to make a new and different case. It is admitted by complainant's counsel that the amendment relating to "Burton Ale" raises a new issue, which defendant is entitled to try upon a new bill. As to the other matters the complainant has made its case by its bill. There is no need for amendment to enable it to obtain a proper decree upon the issues raised, or for the court to do substantial justice. The motion to amend will be denied.